## ALLEN MEYER v. THE STATE.

### No. 6887. Decided April 12, 1922.

**Intoxicating Liquors—Possession—Indictment—Sale.**

It is necessary that the indictment contain an allegation that the possession of intoxicating liquor is for the purpose of sale, otherwise it is fatally defective.

Appeal from the District Court of Hunt. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of the unlawful possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Harrell & Stevens*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of the offense of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Since the adoption of the amendment to the Dean Law by the Second Called Session of the Thirty-seventh Legislature, the offense of possessing intoxicating liquor has been so changed as that it is no longer a violation of the law to possess same except when had for purposes of sale. We have uniformly held that it is necessary that the indictment contain an allegation that such possession is for the purpose of sale. There being no such charge in the instant case, the indictment is fatally defective, and it becomes necessary to order a reversal and that the prosecution be dismissed, which is accordingly done.

*Reversed and dismissed.*